## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-0295-CVE-TLW |
| | ) | |
| BALTAZAR D. PEREZ et al., | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION AND ORDER

Now before the Court is the United States' Motion for Summary Judgment (Dkt. # 33). Plaintiff argues that defendant Baltazar D. Perez failed to pay federal income tax assessments for the tax years of 2003, 2006, 2007, and 2008, and he and his wife, Alicia Bernal Perez, jointly failed to pay a federal income tax assessment for the 2005 tax year. Plaintiff asks the Court to reduce the tax assessments to judgment, foreclose the federal tax liens against real property owned by Baltazar and Alicia Perez, and order that the real property be sold to pay the tax liens according to the relative priority of all liens on the subject real property. Baltazar and Alicia Perez have not responded to plaintiff's motion for summary judgment. Defendant The Sherwin Williams Company states that it does not object to plaintiff's motion as long as any judgment entered by the Court "accords the proper priority to each parties' claims . . . ." Dkt. # 39, at 1.

### I.

Baltazar D. Perez is married to Alicia Bernal Perez, and he operates a painting business known as Baltazar Perez Painting. Baltazar Perez regularly visits casinos in and near Tulsa, Oklahoma, and the casinos filed Internal Revenue Service (IRS) 1099-G forms reporting his gambling winnings. Dkt. # 34-1. However, the casinos were not required to report any gambling

losses incurred by Perez. Dkt. # 34-4, at 16. Baltazar Perez filed a tax return for the 2003 tax year claiming head of household filing status, but he did not report his gambling winnings or losses on the tax return. According to 1099-G forms, Perez had gambling winnings of $15,200 in the 2003 tax year. Dkt. # 34-1, at 2. Baltazar and Alicia Perez filed a joint tax return in 2005, but they failed to report gambling winnings of Baltazar Perez and income from Baltazar Perez Painting. Neither Baltazar nor Alicia Perez filed a tax return for the tax years of 2006, 2007, and 2008. 1099-G forms established that Baltazar Perez had gambling winnings of $343,360 in 2006, $108,830 in 2007, and $80,560 in 2008. The IRS also received 1099 forms from customers of Baltazar Perez Painting and these forms established that Perez failed to report income from his painting business.

The IRS opened an investigation into Baltazar and Alicia Perez's tax liability for the 2003, 2005, and 2006 to 2008 tax years. In 2009, IRS agent Lisa Lees was conducting an investigation into Baltazar and Alicia Perez's tax liability for the tax years of 2005 to 2008, and she requested that the Perezes provide information concerning potential tax deduction for those tax years, including business income and gambling winnings and losses.[1] Dkt. # 34-1, at 3-4. Lees spoke to Baltazar Perez on the phone and personally met with him one time, but he failed to appear for numerous appointments and he refused to provide information or documents to substantiate deductions for the tax years in question. Id. Based on 1099-G forms from casinos, 1009 forms from customers of Baltazar Perez Painting, and a bank deposit analysis of the Perezes' bank accounts, the IRS determined that Baltazar and/or Alicia Perez failed to pay all federal income taxes owed for the 2003, 2005, 2006, 2007, and 2008 tax years, and the amount owed by the Perezes as of April 1, 2013

---

[1]      Lees states that she was familiar with the IRS investigation into Baltazar Perez's tax liability for 2003, but that investigation was conducted by a different IRS revenue officer. Dkt. # 34-1, at 1.

was $1,542,789.52.[2]  The IRS sent notices of the assessments and demands for payment to the Perezes.  Dkt. # 34-1, at 3.

On May 23, 2012, the United States filed this case seeking to reduce the tax assessments to judgment and to foreclose on federal tax liens, and the United States requests an order of sale as to real property owned by Baltazar and/or Alicia Perez.  Dkt. # 2, at 5.  One of the properties is located at 1329 N. Irvington Avenue, Tulsa, Oklahoma, and it is jointly owned by the Perezes.  The other property is located at 4625 S. 28th West Ave, Tulsa, Oklahoma, and it is owned solely by Baltazar Perez.  Baltazar Perez filed a motion to dismiss alleging that the government seized documents as part of a separate criminal investigation, and he claimed  that he would be unable to prepare a defense in this case without those documents.  Dkt. # 27.  Plaintiff responded that it provided a copy of the documents to Perez, even though he did not submit a discovery request to plaintiff, and the motion to dismiss was meritless.  Dkt. # 28.  The Court denied the motion to dismiss.  Dkt. # 29.  Plaintiff submitted interrogatories, requests for production, and requests for admission to Baltazar Perez, but he did not respond to the discovery requests.  By failing to respond to requests for admission, he admitted to the amounts of his gambling winnings and he admitted that he did not file tax returns for the 2006, 2007, and 2008 tax years.  Dkt. # 34-4, at 4-6.  Plaintiff has filed a motion for summary judgment (Dkt. # 33) and the Perezes have failed to file a response to the motion.

---

[2]      This amount includes unpaid federal income taxes, interest, and penalties assessed by the IRS.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

4

### III.

Plaintiff argues that it has made valid tax assessments against Baltazar and Alicia Perez, and it is authorized to have these assessments reduced to judgment in order to enforce the assessments against the Perezes. Baltazar and Alicia Perez have not responded to plaintiff's motion for summary judgment. Even though defendants have failed to respond to plaintiff's motion for summary judgment, the Court must examine the record to determine if summary judgment is appropriate. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002) ("a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party"). The mere fact that a party does not file a response to a motion for summary judgment is not a sufficient basis to grant the motion, and the Court must examine the record to ensure that the moving party has met its burden under Rule 56. Murray v. City of Tahlequah, Oklahoma, 312 F.3d 1196, 1200 (10th Cir. 2002).

The government has the initial burden to show that it has validly assessed a tax, and it can meet this burden by producing by producing certificates of assessment and payment. Guthrie v. Sawyer, 970 F.2d 733, 737 (10th Cir. 1992). A certificate of assessment of payment is "presumptive proof of a valid assessment." March v. IRS, 335 F.3d 1186, 1188 (10th Cir. 2003). This presumption "can help the Government prove its case against a taxpayer in court." United States v. Fior D'Italia, Inc., 536 U.S. 238, 242-43 (2002). The presumption of correctness is rebuttable if the taxpayer can produce evidence establishing that the IRS' "deficiency assessment lacks a rational foundation or is arbitrary and excessive." Cole v. C.I.R., 637 F.3d 767, 773 (7th Cir. 2011) (quoting Pittman v. C.I.R., 100 F.3d , 1308 1313 (7th Cir. 1996)); see also United States v. McMullin, 948 F.2d 1188 (10th Cir. 1991) ("This presumption will permit judgment in the Commissioner's favor

5

unless the opposing party produces substantial evidence overcoming it."). The IRS is authorized to file a civil suit to reduce the assessment to judgment. See United States v. Kim, 111 F.3d 1351, 1357 (7th Cir. 1997).

Plaintiff has attached certificates of assessment and payment for the relevant tax years and this is sufficient to meet the government's initial burden to prove that Baltazar and Alicia Perez have failed to pay federal income taxes, interest, and penalties. Dkt. # 34-2 (certified copies of transcripts of 2003, 2006, 2007, and 2008 tax years as to Baltazar Perez and certified copy of transcript for 2005 tax year as to Baltazar and Alicia Perez). The IRS gave the Perezes an opportunity to submit documentation or information in support of any deductions for these tax years, but the Perezes refused to cooperate with the revenue officer assessing their tax liability. Dkt. # 34-1, at 3-4. The Perezes have also failed to respond to plaintiff's motion for summary judgment, and they have offered no evidence to rebut the presumption that the tax assessments accurately show their tax liability for the 2003, 2005, 2006, 2007, and 2008 tax years. Based on the evidence submitted by plaintiff, the Court finds that plaintiff has established that defendants Baltazar and Alicia Perez have failed to pay federal income taxes and the tax assessments issued by the IRS should be reduced to judgment.

Plaintiff also asks the Court to order foreclosure of the tax liens that have arisen as a result of the assessments against Baltazar and Alicia for failing to pay federal income taxes. Dkt. # 34, at 8. Under 26 U.S.C. § 6321, "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belong to such

person."  However, a lien is not self-executing and the IRS must either file a lien-foreclosure suit

or an administrative levy to enforce the lien.  United States v. National Bank of Commerce, 472 U.S.

713, 720 (1985).  In a lien-foreclosure suit, all parties with an interest in the taxpayer's property or

that have an existing lien on such property must be joined as parties.  Id.  A court shall "proceed to

adjudicate all matters involved therein and finally determine the merits of all claims to and liens

upon the property, and, in all cases where a claim or interest of the United States therein is

established, may decree a sale of such property . . . ."  26 U.S.C. § 7403(c).  In this case, plaintiff

joined as defendants all parties with an interest in the taxpayers' property or that have an existing

lien on the property.

        Federal tax liens arose against the Perezes when the IRS issued assessments for unpaid

federal income taxes, and the IRS filed notice of the tax liens with the Tulsa County Clerk's Office

as to two parcels of real property owned by the Perezes.  See Dkt. # 34-4, at 21-28 (notice of tax

liens filed with Tulsa County Clerk's Office).  Under § 7403, the government was authorized to file

a lien-foreclosure suit to execute on the delinquent taxpayers' property.  In this case, Baltazar and

Alicia Perez own real property located at 1329 N. Irvington Avenue in Tulsa, and Baltazar Perez

owns another residence located at 4625 S. 28th West Avenue in Tulsa.  By operation of law, federal

tax liens arose against both properties and plaintiff is entitled to foreclose on those liens.  The Court

will direct plaintiff to submit a proposed judgment according proper priority of any and all liens

and/or claims. Upon entry of judgment, plaintiff may file a motion for order of sale for the real properties located at 1329 N. Irvington Avenue and 4625 S. 28th West Avenue.[3]

**IT IS THEREFORE ORDERED** that United States' Motion for Summary Judgment (Dkt. # 33) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall submit a proposed judgment as described above to the Court's CM/ECF Intake Box no later than **June 24, 2013**.  All other deadlines, including the June 24, 2013 pretrial conference and the July 8, 2013 nonjury trial, are hereby **stricken.**

**DATED** this 17th day of June, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[3]     Plaintiff will be directed to submit a proposed judgment, agreed to as to form, to Court's CM/ECF intake box.  The proposed judgment should include the full amount of unpaid taxes, interest, and penalties owed by the Perezes as of the date the judgment is submitted for the Court's review.